Morgan, J.
By the fifteenth article of the company’s charter, the board of directors were authorized to appoint a secretary and other clerks, and to remove them at pleasure.
John Gr. Campbell was appointed secretary on the second of September, 1867. He gave bond, with Jolin Armstrong and W. C. Falham as securities. The bond is as follows :
“ Know all men by these presents, that we, J. Gr. Campbell, as principal, and John Armstrong and W. C. Falham, securities, are held and firmly bound insólido unto tlie Canal'and Claiborne Streets Railroad Company, or assigns,--, for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators in solido firmly by these presents, and do hereby waive the benefit of division and discussion granted by law to sureties.
“Now, the condition of the above obligation is such, that whereas the above bounden J. Gr. Campbell has been chosen and appointed secretary and treasurer of the aforesaid Canal and Claiborne Streets Railroad Company, by reason whereof divers sums of money, goods and chattels and other things, the property of said corporation will come into his hands; if the said J. G-. Campbell, his heirs, executors and administrators, at the expiration of his office, upon request to him or them made, shall make or give unto the said company, or their agent or attorney, a just and true account of all such sum or slims of money, goods, chattels and other things, as have come into his hands, charge or possession, as secretary and treasurer as aforesaid, and shall and do pay and deliver over to his successors in office or any other 28 *434 person duly authorized to receive the same, all such balance or sums of money, goods and chattels or other things which shall appear to be in his hands and due by him to said company; and if the said J. G-. Campbell shall well and truly, honestly and faithfully in all things, serve the said company as secretary and treasurer as aforesaid, during his continuance in office, then the above obligation to be void; else, to remain in full force and virtue.”
On the eleventh of January, 1869, Campbell tendered his resignation to the company, which was received, but never accepted.
On the nineteenth of January, at a meeting of the board, Campbell was re-elected secretary, but at a reduced salary. Subsequent to his re-election there was a deficit in his accounts amounting to $9809 65.
This suit is instituted against the succession of Armstrong, to make it liable for the amount of Campbell’s deficit.
The defense is twofold: First, That no amount is stipulated in the bond. Second, That the defalcation occurred after Campbell’s second election.
First — The object in stating an amount in a bond is to definitively fix the liability of the obligors and their sureties; but a man may bind himself in an indefinite amount if he chooses to do so, and this we think is what Armstrong did in this case. He bound himself that Campbell, at the expiration of his office, should give to the company a true account of all money, goods, chattels and other things as may have come into his hands, charge or possession as secretary and treasurer. As secretary, $9809 65, belonging to the company, were not accounted for by him. His surety is responsible therefor.
Second — There was no time specified as to the duration of his term of office; neither was there a limit fixed to the time the bond was to last. Campbell’s re-election by the board did not then change his position, or affect the obligation' of his surety.
Judgment affirmed.